[Cite as *State v. Marlow*, 2013-Ohio-778.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-07-051 |
| | : | O P I N I O N |
| - vs - | | 3/4/2013 |
| | : | |
| MICHAEL C. MARLOW, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 000196

D. Vincent Faris, Clermont County Prosecuting Attorney, David Hoffmann, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Law Office of Steven R. Adams, Marguerite Slagle, 8 West Ninth Street, Cincinnati, Ohio 45202, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Michael Marlow, appeals his sentence in the Clermont County Court of Common Pleas for voyeurism and illegal use of a minor in nudity-oriented material.

{¶ 2} In the spring of 2012, appellant was charged with and entered a guilty plea to one count of voyeurism (Count One) and one count of illegal use of a minor in nudity-oriented

material (Count Two), both felonies of the fifth degree. The record of the plea hearing indicates that on October 23, 2011, appellant concealed a pen camera in the bathroom of his residence to capture his minor sister-in-law in a state of nudity for purposes of sexual gratification, and that he possessed the recorded images "on his laptop computer or SD card." When appellant entered his guilty plea, he was advised by the trial court of the potential penalties and that he would be classified as a Tier I sex offender and be subject to sex offender registration duties for a period of 15 years. The trial court accepted appellant's plea and found him guilty as charged.

{¶ 3} At the sentencing hearing, the trial court (1) classified appellant a Tier I sex offender, (2) explained to appellant his registration and notification duties as a Tier I sex offender, (3) had appellant sign a document explaining those duties, and (4) sentenced appellant to three years of community control. The trial court warned appellant that any violation of the community control would result in a 12-month prison term on Count One to be served consecutively to a 12-month prison term on Count Two. The trial court did not engage in any type of allied offenses of similar import analysis, and trial counsel did not object. At the state's demand, the trial court also ordered the destruction of the "flash drive" and the pen camera used by appellant.[1] The parties agreed appellant's computer did not need to be destroyed; the record indicates that nothing was found on it.

{¶ 4} Appellant appeals, raising two assignments of error which will be addressed in reverse order.

{¶ 5} Assignment of Error No. 2:

{¶ 6} THE TRIAL COURT COMMITTED PLAIN ERROR BY IMPOSING MULTIPLE

---

1. The record shows the parties used different terminology when discussing the tools used by appellant. At the plea hearing, the state alleged that the captured image was on appellant's "laptop computer or SD card." However, during the sentencing hearing, the parties and the trial court used the term "flash drive" when discussing what should be destroyed. The term "flash drive" was first used by trial counsel. The state did not correct trial counsel. The trial court used the term "flash drive" in its sentencing entry.

SENTENCES ON ALLIED OFFENSES.

{¶ 7}   Appellant argues the trial court erred in sentencing him on both voyeurism and illegal use of a minor in nudity-oriented material because the offenses are allied offenses of similar import under R.C. 2941.25 and *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶ 8}   We note at the outset that appellant waived all but plain error by failing to raise any allied offense objection with the trial court.  However, the Ohio Supreme Court has held that the imposition of multiple sentences for allied offenses of similar import is plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31; *State v. Luong*, 12th Dist. No. CA2011-06-101, 2012-Ohio-4519, ¶ 48.

{¶ 9}   R.C. 2941.25, Ohio's multiple-count statute, prohibits the imposition of multiple punishments for the same criminal conduct and provides that:

> (A)  Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} In *Johnson*, the Ohio Supreme Court established a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25 (thereby overruling *State v. Rance*, 85 Ohio St.3d 632 [1999]).  Courts must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.)  *Johnson*, 2010-Ohio-6314 at ¶ 48.  It is not necessary that the commission of one offense will always result in the commission of the other.  *Id.*  Rather, the question is simply whether it is possible for both offenses to be committed by the same conduct.  *Id.*

{¶ 11} If it is possible to commit both offenses with the same conduct, courts must next determine whether the offenses were in fact committed by the same conduct, that is, by a single act, performed with a single state of mind. *Id.* at ¶ 49. If so, the offenses are allied offenses of similar import and must be merged. *Id.* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51.

{¶ 12} Appellant was charged with voyeurism in violation of R.C. 2907.08(C). The statute provides that "[n]o person, for the purpose of sexually arousing or gratifying the person's self, shall * * * surreptitiously invade the privacy of another to videotape, film, photograph, [or] otherwise record, * * * the other person in a state of nudity if the other person is a minor."

{¶ 13} Appellant was also charged with illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(3). The statute prohibits a person from possessing or viewing any material that shows a minor who is not the person's child in a state of nudity, unless one of two exceptions applies (the exceptions are not applicable here). We find, and the state concedes on appeal, that it is possible to commit both offenses with the same conduct.

{¶ 14} We next determine whether appellant in fact committed both offenses by way of a single act, performed with a single state of mind, or whether he had separate animus for each offense. *Johnson*, 2010-Ohio-6314 at ¶ 49.

{¶ 15} We find that the two offenses were committed by way of a single act, performed with a single state of mind. The bill of information charging appellant with the two offenses and the record shows that the offenses occurred on the same day with the same victim. At the plea hearing, the state indicated that appellant recorded his sister-in-law with a concealed pen camera and "later possessed that same captured image * * * on his laptop computer or

SD card." However, during the sentencing hearing, it became clear that the image was only stored on the SD card, and that no image was found on appellant's computer. The state did not allege, and there is no evidence, that appellant viewed the captured image at a later time. There is also no evidence appellant transferred the image after it was recorded.

{¶ 16} The state asserts, however, that the offenses were committed with a separate animus because (1) appellant committed voyeurism by recording his sister-in-law; (2) appellant committed the other offense when he later possessed the image on his computer or SD card; and (3) "by maintaining or storing the image, [appellant] separately committed the illegal use offense after the commission of the voyeurism[.]"

{¶ 17} In *Johnson*, the supreme court noted the absurd results obtained from comparing crimes in the abstract under a former approach:

> Under such an analysis, we would have been compelled to hold that possession of and trafficking in the same controlled substance were not allied offenses, because the elements do not align exactly, "even though common sense and logic tell us that in order to prepare a controlled substance for shipping, ship it, transport it, deliver it, prepare it for distribution, or distribute it, one must necessarily also possess it."

*Johnson*, 2010-Ohio-6314 at ¶ 30, quoting *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, ¶ 24. The same logic applies here. In order for appellant to obtain sexual gratification from surreptitiously recording his sister-in-law, appellant must possess the recording.

{¶ 18} We therefore find that the offenses of voyeurism and illegal use of a minor in nudity-oriented material were allied offenses of similar import. Further, the trial court's failure to merge the offenses at sentencing and its imposition of individual sentences for both offenses constitutes plain error. *Underwood*, 2010-Ohio-1 at ¶ 26, 31.

{¶ 19} Appellant's second assignment of error is well-taken and sustained.

{¶ 20} Assignment of Error No. 1:

{¶ 21} MR. MARLOW WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL

COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

{¶ 22} Appellant first argues his trial counsel was ineffective for failing to (1) request merger of the allied offenses of similar import, and (2) object to the trial court's imposition of separate sentences for his convictions. However, in light of our holding that the trial court committed plain error by failing to merge the offenses of voyeurism and illegal use of a minor in nudity-oriented material, we find this argument is moot. *See State v. Seymore*, 12th Dist. Nos. CA2011-07-131, CA2011-07-143, 2012-Ohio-3125.

{¶ 23} Appellant also argues his trial counsel was ineffective for failing to argue that the imposition of sex offender registration subjected him to multiple punishments in violation of the Double Jeopardy Clauses of the Ohio and United States Constitutions.

{¶ 24} To demonstrate ineffective assistance of counsel, appellant must show that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989). With respect to deficiency, appellant must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland* at 688. With respect to prejudice, appellant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 694. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000); *State v. Gilbert*, 12th Dist. No. CA2010-09-240, 2011-Ohio-4340, ¶ 73.

{¶ 25} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *See also* Ohio Constitution, Article I, Section 10. "Although the

Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense." *State v. Williams*, 88 Ohio St.3d 513, 528 (2000).

{¶ 26} The threshold question in a double jeopardy analysis is whether the government's conduct involves criminal punishment. *Id.* In 2011, the Ohio Supreme Court held that the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 ("S.B. 10") "is punitive." *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 16. The court subsequently held that "S.B. 10 imposes additional criminal punishment on those convicted of sexually oriented offenses." *State v. Raber*, Slip Opinion No. 2012-Ohio-5636, ¶ 23.

{¶ 27} The Double Jeopardy Clause of the federal constitution "protects only against the imposition of multiple criminal punishments for the same offense, * * * and then only when such occurs in successive proceedings." (Citations omitted.) *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488 (1997); *Raber* at ¶ 24; *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, ¶ 8. "If pursued in a single proceeding, * * * multiple punishment may constitutionally be imposed[.]" *State v. Gustafson*, 76 Ohio St.3d 425, 437 (1996).

{¶ 28} In *Raber*, the supreme court held that "the protections against double jeopardy barred [the trial court] from classifying Raber as a Tier I sex offender more than a year after it imposed sentence." *Raber*, 2012-Ohio-5636 at ¶ 27. Specifically, the court found that:

> Raber had a legitimate expectation of finality in his sentence when the trial court entered its judgment of conviction on December 2008 and the protections of the Double Jeopardy Clause prohibited the trial court from reopening this case, conducting a separate trial to determine whether the sexual activity at issue was consensual, and classifying Raber as a sex offender subject to Tier I registration.

*Id.* at ¶ 26. *See also Pollis v. State*, 11th Dist. No. 2008-T-0055, 2009-Ohio-5058 (offender's reclassification as Tier I sex offender under S.B. 10 imposed additional punitive measures on

offender in violation of the Double Jeopardy Clauses of state and federal constitutions; following his guilty plea and his original classification as a sexually oriented offender, offender had expectation of finality in classification requiring him to register for ten years, but was required under amended statute (S.B. 10) to register once a year for 15 years); *State v. Strickland*, 11th Dist. No. 2008-L-034, 2009-Ohio-5424 (similar reclassification).

{¶ 29} In *Raber*, *Pollis*, and *Strickland*, the offenders were all classified or reclassified as sex offenders under S.B. 10 more than a year after their judgment of conviction, that is, in a separate and successive proceeding. Such is not the case here. The record clearly shows that appellant was adjudicated as a Tier I sex offender *and* sentenced during the sentencing hearing. The sex offender classification was not a separate proceeding but rather occurred as part of the sentencing proceedings. The Ohio Supreme Court did not hold in *Raber* that every sex offender classification or reclassification under S.B. 10 inevitably violates the Double Jeopardy Clauses of the state and federal constitutions.

{¶ 30} We therefore find that trial counsel was not deficient, and thus was not ineffective, for failing to raise the double jeopardy issue before the trial court. Appellant's first assignment of error is overruled.

{¶ 31} The judgment of the trial court failing to merge the offenses of voyeurism and illegal use of a minor in nudity-oriented material and imposing individual sentences for these offenses is reversed and the matter is remanded for resentencing. Upon remand, the state can elect which allied offense of similar import to pursue, and the trial court is bound by the state's election. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 20, 24; *State v. Clay*, 12th Dist. No. CA2011-02-004, 2011-Ohio-5086, ¶ 27.

HENDRICKSON, P.J., and PIPER, J., concur.