[Cite as *State v. Highfield*, 2014-Ohio-165.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-05-007 |
| | : | O P I N I O N |
| - vs - | | 1/21/2014 |
| | : | |
| BRETT HIGHFIELD, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2013-2048

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 200 East Cherry Street, Georgetown, Ohio 45121, for plaintiff-appellee

Julie Steddom, 120 Main Street, Ripley, Ohio 45167, for defendant-appellant

**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Brett Highfield, appeals from the seven-year sentence he received in the Brown County Court of Common Pleas following his guilty plea to illegal manufacture of drugs, aggravated drug trafficking, and endangering children.  For the reasons outlined below, we affirm.

{¶ 2}   On February 28, 2013, the Brown County grand jury returned an eleven-count indictment against Highfield.  Included within the charges were single counts of illegal

manufacture of drugs, which included a juvenile specification, in violation of R.C. 2925.04(A), a first-degree felony, endangering children in violation of R.C. 2919.22(B)(6), a third-degree felony, and aggravated drug trafficking in violation of R.C. 2925.03(A)(1), a fourth-degree felony. The charges all stemmed from Highfield's alleged manufacturing and trafficking in methamphetamine between January 1, 2012 and February 25, 2013.

{¶ 3} On May 6, 2013, Highfield pled guilty to the above named charges in exchange for the remaining charges being dismissed. The trial court then sentenced Highfield to serve a total aggregate sentence of seven years in prison. Highfield did not request any of the charges to be merged at sentencing. Highfield now appeals from the trial court's sentencing decision, raising one assignment of error for review.

{¶ 4} THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT FOR THE PURPOSES OF SENTENCING APPELLANT, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSES OF THE U.S. AND OHIO CONSTITUTIONS.

{¶ 5} In his single assignment of error, Highfield argues the trial court erred by failing to merge the charge of illegal manufacture of drugs, which included a juvenile specification, with the endangering children charge. According to Highfield, these charges constitute allied offenses of similar import that must be merged pursuant to R.C. 2941.25. We disagree.

{¶ 6} The Double Jeopardy Clause of the United States Constitution prohibits multiple punishments for the same offense. To that end, the Ohio General Assembly enacted R.C. 2941.25, Ohio's multiple-count statute, "which subjects 'allied offenses of similar import' to the judicial concept of 'merger' at sentencing." *State v. Grube*, 4th Dist. Gallia No. 12CA7, 2013-Ohio-692, ¶ 45. Specifically, R.C. 2941.25 provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such

- 2 -

offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Thus, R.C. 2941.25 applies only where "multiple offenses" of similar import are implicated. *State v. Mason*, 10th Dist. Franklin Nos. 10AP-337 and 10AP-342, 2011-Ohio-3301, ¶ 44.

{¶ 7} Highfield argues his "conduct of manufacturing methamphetamine in the vicinity of a juvenile was the basis of the charge of child endangering," thereby requiring their merger at sentencing. In reaching this conclusion, however, Highfield has placed far too great a significance on the attached juvenile specification to the illegal manufacturing of drugs charge as found in R.C. 2925.04(C)(3)(b). The juvenile specification attached to the illegal manufacture of drugs charge is not an "offense" for purposes of R.C. 2941.25. Rather, the juvenile specification is merely a penalty enhancement. *See, e.g., State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 19 (finding a firearm specification is a penalty enhancement, not a criminal offense, for purposes of R.C. 2941.25); *see also State v. Adams*, 1st Dist. Hamilton No. C-120059, 2013-Ohio-926, ¶ 34 (same).

{¶ 8} As a penalty enhancement, the Ohio legislature intended that a defendant receive additional prison time for illegally manufacturing drugs if certain conditions are met; namely, "[i]f the drug involved in the violation is methamphetamine and if the offense was committed in the vicinity of a juvenile[.]" *See* R.C. 2925.04(C)(3)(b). In turn, the juvenile specification at issue here is predicated on the "offense" of illegal manufacture of drugs. The question, therefore, is not whether the juvenile specification – a penalty enhancement – is an allied offense of similar import to the charge of endangering children under R.C. 2919.22(B)(6). Instead, the question is whether the illegal manufacture of drugs in violation

of R.C. 2925.04(A) and endangering children in violation of R.C. 2919.22(B)(6) are allied offenses of similar import. *See generally State v. Wilson*, 8th Dist. Cuyahoga No. 97465, 2012-Ohio-3567, ¶ 36.

{¶ 9} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court established a two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25. Under *Johnson*, the first inquiry focuses on whether it is possible to commit both offenses with the same conduct. *State v. Richardson*, 12th Dist. Clermont No. CA2012-06-043, 2013-Ohio-1953, ¶ 21, citing *Johnson* at ¶ 48. In making this determination, it is not necessary that the commission of one offense would always result in the commission of the other, but instead, the question is simply whether it is possible for both offenses to be committed with the same conduct. *State v. Craycraft*, 193 Ohio App.3d 594, 2011-Ohio-413, ¶ 11 (12th Dist.); *State v. Marlow*, 12th Dist. Clermont No. CA2012-07-051, 2013-Ohio-778, ¶ 10.

{¶ 10} If it is possible to commit both offenses with the same conduct, courts must then determine whether the offenses were in fact committed by the same conduct, that is, by a single act, performed with a single state of mind. *State v. Lung*, 12th Dist. Brown No. CA2012-03-004, 2012-Ohio-5352, ¶ 11, citing *Johnson* at ¶ 49. If so, the offenses are allied offenses of similar import that must be merged. *State v. Luong*, 12th Dist. Brown No. CA2011-06-110, 2012-Ohio-4520, ¶ 39. However, if the commission of one offense will never result in the commission of the other, "or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 66, quoting *Johnson* at ¶ 51. The term "animus" is defined as "'purpose' or 'more properly, immediate motive.'" *Lung* at ¶ 12, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979).

- 4 -

{¶ 11} At the outset, we note Highfield never raised the issue of merger before the trial court. Regardless, the imposition of multiple sentences for allied offenses of similar import amounts to plain error. *State v. Clay*, 196 Ohio App.3d 305, 2011-Ohio-5086, ¶ 25 (12th Dist.); *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31-33. Pursuant to Crim.R. 52(B), plain error exists only where there is an obvious deviation from a legal rule that affected the outcome of the proceeding. *State v. Blanda*, 12th Dist. Butler No. CA2010-03-050, 2011-Ohio-411, ¶ 20, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 12} Applying *Johnson* to the facts of this case, we must first determine whether it is possible to illegally manufacture drugs in violation of R.C. 2925.04(A), a first-degree felony, and endanger children in violation of R.C. 2919.22(B)(6), a third-degree felony, with the same conduct. The illegal manufacture of drugs as proscribed by R.C. 2925.04(A) provides that no person shall "knowingly manufacture or otherwise engage in any part of the production of a controlled substance." In addition, child endangering in violation of R.C. 2919.22(B)(6) forbids any person from allowing a child under 18 years of age to be within one hundred feet of "any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring." The state concedes, and we agree, these offenses can be committed by the same conduct.

{¶ 13} Having found it possible to commit both offenses with the same conduct, we must now determine whether the offenses were in fact committed by the same conduct, meaning with a single act and with a single state of mind. Here, the facts indicate the illegal manufacture of drugs offense was based on Highfield knowingly manufacturing methamphetamine between February 1 and February 2, 2013. However, the endangering children charge was based on his recklessly allowing a child, B.E., to be within the vicinity as he manufactured methamphetamine during this time. We find Highfield committed these offenses with a separate animus for not only did he knowingly manufacture

methamphetamine, but also recklessly allowed a child to be within 100 feet of him during that time. Highfield, therefore, exhibited a separate animus for each offense, thereby removing it from the prohibition contained in R.C. 2941.25(A).

{¶ 14} In light of the foregoing, and based on the facts and circumstances of this case, we find the trial court did not commit plain error by failing to merge the illegal manufacture of drugs in violation of R.C. 2925.04(A) and endangering children in violation of R.C. 2919.22(B)(6) as they are not allied offenses of similar import subject to merger. Accordingly, Highfield's single assignment of error is without merit and overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.