[Cite as *State v. Greer*, 2014-Ohio-2174.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA2 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| MATTHEW W. GREER, | : | |
| Defendant-Appellant. | : | **RELEASED: 05/09/2014** |

<u>APPEARANCES</u>:

James T. Boulger, Chillicothe, Ohio, for appellant.

Justin Lovett, Jackson County Prosecuting Attorney, and Nicholas Wille, Jackson County Assistant Prosecuting Attorney, Jackson, Ohio, for appellee.

Harsha, J.

{¶1} After Matthew W. Greer pled guilty, the Jackson County Court of Common Pleas convicted him of endangering children and illegal manufacture of drugs and sentenced Greer to consecutive prison terms, with an aggregate sentence of six years. In his sole assignment of error, Greer claims that the trial court erred in failing to merge the convictions for endangering children and illegal manufacture of drugs because they are allied offenses of similar import.

{¶2} However, when the drug is methamphetamine and the offense is committed in the vicinity of a juvenile, the General Assembly intended that a defendant convicted of illegal manufacture of drugs could also be convicted of endangering children and sentenced for both crimes. Therefore, the multiple punishments in this case do not violate the constitutional prohibition against double jeopardy or the

provisions of the Ohio allied offenses statute.  We overrule Greer's assignment of error

and affirm the judgment of the trial court.

## I.  FACTS

{¶3}     The Jackson County Grand Jury returned an indictment charging Greer

with one count of endangering children and one count of illegal manufacture of drugs.

The charges provided:

> Count 1
> On or about the 28th day of March, in Jackson County, Ohio, Matthew W.
> Greer did allow children to be on the same parcel of real property and
> within one hundred feet of, or, in the case of more than one housing unit
> on the same parcel of real property, in the same housing unit and within
> on[e] hundred feet of, any act in violation of section 2925.04 of the
> Revised Code when the person knows that the act is occurring, whether or
> not any person is prosecuted for or convicted of the violation of section
> 2925.04 of the Revised Code that is the bas[i]s of the violation of this
> division; when K.G., P.G., J.G., and E.G., all children who are under 18 or
> are physically or mentally handicapped children under twenty-one; in
> violation of Section 2919.22 of the Revised Code, and against the peace
> and dignity of the State of Ohio.  F3
>
> Count 2
> On or about the 28th day of March, in Jackson County, Ohio, Matthew W.
> Greer did knowingly manufacture, or engage in a part of the production of
> methamphetamine, a controlled substance in Schedule I, said violation
> occurring in the presence of children under eighteen years of age, in
> violation of 2925.04 of the Revised Code and against the peace and
> dignity of the State of Ohio.  (F1)

{¶4}     Greer initially entered a plea of not guilty to the charges, but pursuant to a

plea agreement, he changed his plea to guilty, and the trial court found him guilty as

charged.  In accordance with the plea agreement, the state recommended that Greer be

sentenced to two years on the charge of endangering children and four years on the

charge of illegal manufacture of drugs.  The state recommended that the sentences be

served consecutively, but Greer objected.

{¶5}    At the sentencing hearing, Greer argued that the charges should merge because they were allied offenses of similar import.  Greer claimed that if the court convicted him of both charges and imposed consecutive sentences, it would be punishing him twice for the same conduct because the element enhancing his illegal manufacture of drugs offense to a felony of the first degree—the drug involved is methamphetamine and the offense was committed in the vicinity of a juvenile—also resulted in his offense of endangering children.

{¶6}    The trial court rejected Greer's merger argument because it did not believe that "the legislature would have intended to set a minimum mandatory sentence on the Child Endangering * * * if it was going to be merged into the * * * Manufacturing of Drugs charge."  The trial court sentenced Greer to two years for endangering children and to four years for illegal manufacture of drugs and ordered Greer to serve the sentences consecutively.

## II.  ASSIGNMENT OF ERROR

{¶7}    Greer assigns the following error for our review:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY FAILING TO MERGE THE CONVICTIONS FOR CHILD ENDANGERING, (R.C. 2919.22(B)(6)) AND MANUFACTURING OF METHAMPHETAMINE, (R.C. 2925.04(C)(3)) PRIOR TO SENTENCING AS REQUIRED UNDER THE PROVISIONS OF R.C. 2941.25.  THE MULTIPLE CONSECUTIVE SENTENCING WAS CONTRARY TO LAW.

## III.  STANDARD OF REVIEW

{¶8}    Appellate courts apply a de novo standard of review to determine whether crimes constitute allied offenses of similar import that must be merged under R.C. 2941.25.  *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d

1245, ¶ 28; *State v. Woolum*, 4th Dist. Athens No. 12CA46, 2013-Ohio-5611, ¶ 18,

citing *State v. Delawder*, 4th Dist. Scioto No. 10CA3344, 2012-Ohio-1923, ¶ 38.

## IV. LAW AND ANALYSIS

### Allied Offenses of Similar Import

**{¶9}** The Double Jeopardy Clauses of the Fifth Amendment to the United

States Constitution, and the Ohio Constitution, Article I, Section 10 "protect a defendant

against a second prosecution for the same offense after acquittal, a second prosecution

for the same offense after conviction, and multiple punishments for the same offense."

*State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 6, citing *North

Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). For

"cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no

more than prevent the sentencing court from prescribing greater punishment than the

legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d

535 (1983). The dispositive issue is thus " 'whether the General Assembly intended to

permit multiple punishments for the offenses at issue.' " *Miranda* at ¶ 6, quoting *State v.

Childs*, 88 Ohio St.3d 558, 561, 728 N.E.2d 379 (2000).

**{¶10}** The primary legislative statement on this issue is R.C. 2941.25(A), which

provides, "Where the same conduct can be construed to constitute two or more allied

offenses of similar import, the indictment or information may contain counts for all such

offenses, but the defendant may be convicted of only one." *Childs* at 561. However, as

The Supreme Court of Ohio recently reaffirmed in *State v. Miranda*, 178 Ohio St.3d 184,

2014-Ohio-451, 5 N.E.3d 603 at ¶ 10:

> "R.C. 2941.25 * * * is not the sole legislative declaration in Ohio on the
> multiplicity of indictments." *Childs* at 561, 728 N.E.2d 379. "While our

two-tiered test for determining whether offenses constitute allied offenses of similar import is helpful in construing legislative intent, it is not necessary to resort to that test when the legislature's intent is clear from the language of the statute." *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37.

**{¶11}** In this case we conclude the child endangering statute clearly indicates the legislature's intent to allow multiple punishments for violations of that statute and the offense of illegal manufacturing of drugs when the drug is methamphetamine and the offense within 100 feet of a child.

**{¶12}** The state argues that the general legislative statement concerning merger is inapplicable because of subsequently enacted, specific legislation authorizing multiple convictions for endangering children and illegal manufacture of drugs when the drug is methamphetamine and the offense is committed within one hundred feet of a child. R.C. 2925.04(A) prohibits any person from knowingly manufacturing or otherwise engaging in any part of the production of a controlled substance. If the drug involved is methamphetamine, the offense of illegal manufacture of drugs is a felony of the first degree "if the offense was committed in the vicinity of a juvenile, in the vicinity of a school, or on public premises." R.C. 2925.04(C)(3)(b).

**{¶13}** R.C. 2919.22, which defines the offense of endangering children, specifies in subdivision (B) that "[n]o person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:  * * * (6) Allow the child to be on the same parcel of property and within one hundred feet of * * * any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring, *whether or not any person is*

prosecuted for or *convicted of the violation of section 2925.04* or 2925.041 of the Revised Code *that is the basis for the violation of this division.*"  (Emphasis added.)

{¶14}  The plain language of R.C. 2919.22(B)(6) authorizes an endangering-children conviction in the circumstance of illegal manufacture of methamphetamine in the vicinity of children regardless of whether the same conduct also results in a conviction for illegal manufacture of drugs under R.C. 2925.04.  These specific provisions were legislatively adopted in S.B. 58, effective August 2004, after the legislative adoption of the general merger provision of R.C. 2941.25(A).  Insofar as these detailed provisions conflict with the general provision in R.C. 2941.25(A),  R.C. 2919.22(B)(6) and 2925.04 prevail.  *See Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 26, quoting *Davis v. State Personnel Bd. of Rev.*, 64 Ohio St.2d 102, 105, 413 N.E.2d 816 (1980) (" 'Utilizing the rules of statutory construction contained in R.C. 1.12, 1.51, and 1.52, a specific statute, enacted later in time than a preexisting general statute, will control where a conflict between the two arises' "); *see also Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 18.

{¶15}  In *Miranda, supra*, at ¶ 14-15, the Supreme Court of Ohio reached a similar conclusion in holding that R.C. 2941.25(A) and the *Johnson* test do not apply to RICO offenses under R.C. 2923.32(A)(1) because the purpose of the RICO statute of providing enhanced sanctions indicated an intent to permit cumulative punishments for the RICO offense and its underlying predicate offenses.  The title to S.B. 58 likewise indicated a legislative purpose to provide an enhanced sanction for certain drug offenses committed within the vicinity of a juvenile or a school—"To amend sections

2919.22, 2925.04, and 2925.041 of the Revised Code to increase the penalties for certain drug offenses if the offense is committed in the vicinity of a school or in the vicinity of a juvenile and to expand the offense of endangering children to prohibit allowing children to be within the vicinity of certain drug offenses." *See Whitaker v. M.T. Automotive, Inc.*, 111 Ohio St.3d 177, 2006-Ohio-5481, 855 N.E.2d 825, ¶ 13 (court looks at title of act to help determine legislative intent). As the trial court found, this legislative purpose is best served by imposing cumulative punishments for the two offenses.

{¶16} By so holding, we need not address the state's alternative claim that under the *Johnson* test, merger is not appropriate. *See State v. Highfield*, 12th Dist. Brown No. CA2013-05-007, 2014-Ohio-165, ¶ 13-14 (offenses of illegal manufacture of drugs and endangering children based on manufacturing methamphetamine in the vicinity of a child were not allied offenses of similar import because offenses were committed with a separate animus for each—knowingly manufacturing methamphetamine and recklessly allowing a child to be within the vicinity of the manufacturing of methamphetamine).

{¶17} Consequently, Greer's assignment of error is meritless and we overrule it.

V. CONCLUSION

{¶18} Therefore, having overruled Greer's sole assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

### **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
    William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**