[Cite as *State v. Copeland*, 2016-Ohio-1613.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27905 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONALD L. COPELAND | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2009 07 2343(B) |

DECISION AND JOURNAL ENTRY

Dated: April 20, 2016

SCHAFER, Judge.

{¶1}   Defendant-Appellant, Ronald Copeland, appeals from the judgment of the Summit County Court of Common Pleas sentencing him to a prison term of 16 years.  For the reasons set forth below, we affirm.

I.

{¶2}   In 2009, Copeland pled guilty to one count of illegal manufacturing of drugs within the presence of a juvenile in violation of R.C. 2925.04(A), four counts of child endangering in violation of R.C. 2919.22(B)(6), and one count of aggravated possession of drugs in violation of R.C. 2925.11.  At Copeland's sentencing hearing in 2013,[1] the trial court determined that Copeland's two drug convictions should merge with one another, but that his four child endangering convictions should not.  The trial court sentenced Copeland to eight years

---

[1] The nearly four-year gap between the entry of Copeland's plea and his sentence resulted from his failure to appear at the originally-scheduled sentencing hearing in 2009.  Consequently, the trial court issued an arrest warrant, which was executed in 2013.

on his illegal manufacturing count and two years on each of his four child endangering counts. The court then ordered all of Copeland's prison terms to run consecutively for a total of 16 years in prison.

{¶3} Copeland appealed from the original sentence, asserting one assignment of error relating to the trial court's failure to merge his illegal manufacturing conviction with the four child endangering convictions. *See State v. Copeland*, 9th Dist. Summit No. 27009, 2014-Ohio-5780 ("*Copeland I*"). This Court reversed the sentence and remanded the "matter to the trial court for it to determine whether [] Copeland's drug convictions and child endangering convictions are, in fact, allied offenses of similar import." *Id*. at ¶ 14. This Court did not express any opinion on the merits of the argument because the trial court failed to engage in the necessary analysis in the first instance. The only statement regarding the merits was that "it is unclear from the face of the record whether these offenses could not merge." *Id*. The scope of the remand was specifically limited as follows: "the cause is remanded to the trial court for its consideration of the issue raised in [] Copeland's sole assignment of error." *Id*. at ¶ 15.

{¶4} On remand, the trial court conducted a resentencing hearing and determined that Copeland's illegal manufacturing and child endangerment convictions are not crimes of similar import. The trial court then issued the same sentence as its previous judgment: 8 years on the illegal manufacturing count and two years on each child endangering count, all running consecutively for a total of 16 years in prison.

{¶5} Copeland filed this timely appeal, raising three assignments of error for our review. Because we resolve Copeland's second and third assignments or error on the same basis, we elect to address them together.

II.

### Assignment of Error I

**The trial court erred when it imposed separate sentences for offenses that arose from the same conduct, were not committed separately or with separate animus, and should have been merged for sentencing purposes under R.C. 2941.25.**

{¶6}   In his first assignment of error, Copeland argues that the trial court erred by failing to merge his illegal manufacturing and child endangering convictions for purposes of sentencing. We disagree.

{¶7}   We apply de novo review when considering a trial court's decision regarding merger of convictions for the purposes of sentencing. *State v. Williams,* 134 Ohio St.3d 482, 2012–Ohio–5699, ¶ 1. "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood,* 124 Ohio St.3d 365, 2010–Ohio–1, ¶ 23. The statute provides as follows:

(A) Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. Two or more offenses may result in multiple convictions if any of the following is true: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff,* 143 Ohio St.3d

114, 2015–Ohio–995, ¶ 25. This inquiry "is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26.

{¶8} Copeland was convicted of illegal manufacture of drugs under R.C. 2925.04(A), which pertinently provides that "[n]o person shall * * * knowingly manufacture or otherwise engage in any part of the production of a controlled substance." He was also convicted of child endangering under R.C. 2919.22(B)(6), which provides:

> (B) No person shall do any of the following to a child under eighteen years of age * * *:
>
> (6)     Allow the child to be on the same parcel of real property and within one hundred feet of * * * any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring, whether or not any    person is prosecuted for or convicted of the violation of    section 2925.04 or 2925.041 of the Revised Code that is the basis of the violation of this division.

The trial court determined that although the child endangering in this case could not have occurred but for Copeland's manufacturing of methamphetamine, the methamphetamine manufacturing could have occurred without the child endangering. As such, the trial court determined that Copeland's illegal manufacturing and child endangering convictions do not merge.

{¶9} We determine that the trial court did not err in its resolution of the merger question. In arriving at this conclusion, we find other Ohio courts' analyses on this issue to be particularly persuasive. Recently, the Second District Court of Appeals analyzed whether the offenses of illegal manufacturing and child endangering were allied offenses of similar import. *See State v. Slayer*, 2d Dist. Champaign No. 2013-CA-60, 2015-Ohio-2431. In concluding that these offenses were not subject to merger because they could not be committed by the same conduct, the court explained:

By manufacturing drugs, a person does not "allow" a child "to be on the same parcel of real property and within one hundred feet." And by so allowing a child, a person does not "manufacture or otherwise engage in any part of the production" of drugs. The conduct by which a person commits illegal manufacture of drugs is an act concerning drugs—their manufacture and production. The conduct by which a person commits endangering children under R.C. 2919.22(B)(6) concerns a child—allowing the child to be near the manufacture or production of drugs. Whether this conduct is an act—granting the child permission to be there—or an omission—doing nothing to stop the child— the conduct is directed to the child.

*Id*. at ¶ 10. In analyzing this same question, the Twelfth District Court of Appeals has held that while the offenses of illegal manufacture of drugs and child endangering "can be committed by the same conduct" in certain instances, *see State v. Highfield*, 12th Dist. Brown No. CA2013-05-007, 2014-Ohio-165, ¶ 12, the defendant's illegal manufacturing and child endangering convictions in that case were not subject to merger as the crimes were committed with a separate animus, *id*. at ¶ 13 (concluding that the defendant both knowingly manufactured methamphetamine and recklessly allowed a child to be within 100 feet of him during that time). We agree with the rationales articulated in both *Slayer* and *Highfield*. In this case, we conclude that Copeland had different motivations when manufacturing methamphetamine within 100 feet of children. We also conclude, much like the trial court, that Copeland's offenses could not be committed by the same conduct. Thus, we determine that Copeland's convictions for illegal manufacturing and child endangerment are not offenses of similar import subject to merger as these offenses cannot be committed by the same conduct.

{¶10} Copeland's first assignment of error is overruled.

**Assignment of Error II**

**The trial court erred and abused its discretion when it did not follow the statutory sentencing guidelines under R.C. 2929.11 and imposed an excessive sentence.**

**Assignment of Error III**

**The trial court erred and abused its discretion in imposing consecutive sentences.**

{¶11} In his second and third assignments of error, Copeland challenges the duration of his prison sentence as well the imposition of consecutive sentences. Specifically, Copeland contends that the trial court erred by not following the statutory sentencing guidelines pursuant to R.C. 2929.11 and R.C. 2929.14(C)(4). We do not reach the merits of Copeland's arguments, however, since these issues are beyond the scope of the remand.

{¶12} Although "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing," there are a variety of circumstances that may "apply to narrow the scope of a particular resentencing hearing." *State v. Wilson,* 129 Ohio St.3d 214, 2011–Ohio–2669, ¶ 15. Under *Wilson*, "only offenses that are affected by an allied offense error are subject to de novo resentencing." *State v. Ross*, 9th Dist. Lorain Nos. 14CA010601, 14CA010602, 2015-Ohio-3399, ¶ 7 ("*Ross II*"), citing *Wilson* at ¶ 15. In *Ross II*, we addressed the defendant's second appeal from his sentence after it previously remanded the case due to the trial court's failure to engage in a merger analysis in the first instance. *See State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 69 ("*Ross I*"). On remand, the trial court conducted a de novo sentencing on several convictions despite finding that those convictions were not subject to merger. *Ross II* at ¶ 3. We determined that such de novo resentencing was erroneous. *Id*. at ¶ 9. The reasoning for this determination was as follows:

> In [defendant]'s previous appeal, this Court did not find an allied offenses error. We simply noted that the trial court had not had "the opportunity to consider *Johnson*[,]" so we remanded "the matter to the trial court for it to apply *Johnson* in the first instance." [*Ross I*] at ¶ 69. On remand, the trial court determined that [several of the defendant's] offenses were not allied. Accordingly, there was no allied offense sentencing error for it to correct on those sentences. *State v. Grose,* 5th Dist. Richland No. 14CA30, 2014–Ohio–4499, ¶ 10.

*Id*. at ¶ 8. Consequently, we vacated the sentences that were imposed on the first remand and instructed the trial court to re-impose the original sentences. *Id*. at ¶ 9.

**{¶13}** In Copeland's previous appeal, this Court did not determine that there was an allied offenses error. Rather, we simply remanded the matter so that the trial court could engage in a merger analysis in the first instance. When the trial court engaged in this analysis, it concluded that Copeland's sentences were not subject to merger as allied offenses of similar import. Since "the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review," we conclude that the lack of an allied offenses error precluded the trial court from disturbing the length of Copeland's sentences or the imposition of consecutive sentences, which were unchallenged in his first appeal. *Wilson* at ¶ 15; *see also Ross II* at ¶ 9. Thus, we determine that the trial court did not err on remand by imposing consecutive prison sentences totaling 16 years.

**{¶14}** Accordingly, Copeland's second and third assignments of error are overruled.

### III.

**{¶15}** With all of Copeland's assignments of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶16} I concur in the majority's judgment. However, I would conclude that separate sentences are authorized in this case based upon the language of the statutes at issue which indicates that the "General Assembly intended to permit multiple punishments for the offenses at issue." *State v. Greer,* 4th Dist. Jackson No. 13CA2, 2014-Ohio-2174, ¶ 9, quoting *State v. Miranda,* 138 Ohio St.3d 184, 2014-Ohio-451, ¶ 6, quoting *State v. Childs,* 88 Ohio St.3d 558, 561 (2000). R.C. 2919.22(B)(6), the child endangering statute at issue, "clearly indicates the legislature's intent to allow multiple punishments for violations of that statute and the offense of illegal manufacturing of drugs when the drug is methamphetamine and the offense within 100 feet of a child." *Greer* at ¶ 11; *see also* R.C. 2919.22(B)(6) ("No person shall do any of the following to a child under eighteen years of age * * * [a]llow the child to be on the same parcel of real property and within one hundred feet of, or, in the case of more than one housing unit on

the same parcel of real property, in the same housing unit and within one hundred feet of, any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring, *whether or not any person is prosecuted for or convicted of the violation of section 2925.04 or 2925.041 of the Revised Code that is the basis of the violation of this division*.") (Emphasis added.).[2]

{¶17} Further, with respect to Mr. Copeland's remaining assignments of error, I agree that they are properly overruled. His arguments are based on the premise that the trial court could alter his sentences at the resentencing hearing even though it did not find any of the offenses at issue to be allied. Based on this Court's precedent in *State v. Ross,* 9th Dist. Lorain Nos. 14CA010601, 14CA010602, 2015-Ohio-3399, ¶ 7-9, Mr. Copeland's premise is without merit.

{¶18} If Mr. Copeland's arguments could be read as asserting that the trial court erred in fashioning his sentences at the original sentencing hearing, I agree with Judge Carr that those arguments would be properly before us at this time; because if they had been raised in the prior appeal, we would have declined to address them. *See, e.g., State v. Rieves-Bay,* 9th Dist. Summit No. 25138, 2011-Ohio-1778, ¶ 35. However, because I cannot conclude that he has argued there was error at the original sentencing hearing, I cannot agree that we should consider the merits of his arguments.

---

[2] This conclusion may, at first glance, seem inconsistent with our remand instructions in the prior appeal, which mentioned the trial court applying *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, *see State v. Copeland,* 9th Dist. Summit No. 27009, 2014-Ohio-5780, ¶ 15. However, our goal in the prior appeal was to have the trial court consider in the first instance "the issue raised in Mr. Copeland's sole assignment of error." *See id.* at ¶ 15. The broad issue before the trial court was whether Mr. Copeland could be subject to multiple punishments for the charged offenses. A logical counterargument to Mr. Copeland's argument that the offenses are allied is the argument that the legislature intended there to be separate punishments for these particular offenses notwithstanding R.C. 2941.25(A) and the related case law. That is one of the arguments the State has raised on appeal, and I would conclude that argument is persuasive.

CARR, J.
CONCURRING IN PART AND DISSENTING IN PART.

{¶19} Copeland was required to demonstrate a reasonable probability that his convictions constituted allied offenses of similar import. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 29. He has failed to meet that burden at the trial court and on appeal. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 26. Given the absence of facts in the record, Copeland has not demonstrated error. Therefore, I would overrule Copeland's first assignment of error on that basis.

{¶20} Moreover, because the trial court's review of the allied offenses issue had the potential to impact Copeland's ultimate sentence, I would address his second and third assignments of error on the merits. *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669.

APPEARANCES:

JASON D. WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.