[Cite as *State v. Grose*, 2014-Ohio-4499.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| -vs- | : |  |
|  | : |  |
| ALLANDO BAKARI GROSE | : | Case No. 14CA30 |
|  | : |  |
| Defendant-Appellee | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No. 2012-
                             CR-0049H

JUDGMENT:                    Reversed and Vacated

DATE OF JUDGMENT ENTRY:      October 9, 2014

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JOHN NIEFT                             ROELIFF HARPER
Assistant Prosecuting Attorney         3 N. Main Street, Ste. 606
38 South Park Street                   Mansfield, OH 44902
Mansfield, OH 44902

*Gwin, P.J.*

{¶1}   Plaintiff-appellant the State of Ohio appeals the March 26, 2014 Judgment Entry of the Richland County Court of Common Pleas re-sentencing defendant-appellee Allando Bakari Grose upon remand from this Court.[1]

*Facts and Procedural History*

{¶2}   The facts of this case were thoroughly discussed in *State v. Grose*, 5th Dist. Richland No. 12CA109, 2013-Ohio-4387 ["*Grose I"];* however, we provide the following brief summation.

{¶3}   On October 8, 2012, Grose entered pleas of no contest to Count I, kidnapping, Count III, extortion, Count IV, aggravated robbery, and Count VI, tampering with evidence. The state dismissed Count II, abduction, and Count V, robbery. The trial court sentenced Grose to an aggregate prison term of 12 years. On direct appeal, Grose argued, in relevant part to the instant appeal, the offenses of kidnapping and aggravated robbery should have merged for purposes of sentencing, or, alternatively, the extortion and aggravated robbery offenses should have merged, and the trial court should have held an allied-offenses hearing. *Grose I*, ¶44. We found there were insufficient facts in the record for this court to make an allied-offense determination in the instant case. *Grose I*, ¶49. We therefore,

> [Sustained] appellant's third assignment of error and remand the case to the trial court for an allied-offense hearing and, if appropriate, allow appellee to elect which allied offenses to pursue at resentencing. *State v. Whitfield*, 124 Ohio St.3d 319, 2010–Ohio–2, 922 N.E.2d 182, paragraph one of the syllabus. In light of our decision on this assignment

---

[1] We note appellee did not file a brief in this case.

of error, appellant's argument regarding merger of the offense of extortion and aggravated robbery, and his fourth assignment of error regarding an allied-offenses hearing, are moot.

*Grose I*, ¶ 50. On remand, the state filed a brief arguing that none of these offenses were allied. Grose responded that most of the crimes were allied and therefore his sentence should be less. The court viewed a cell phone video of the incident. The trial court noted that it had not viewed this video prior to Gorse's initial sentencing in light of Gorse's decision to plead. The trial court then issued a judgment entry on January 28, 2014, stating that the kidnapping, extortion and aggravated robbery were committed with a separate animus and were not therefore subject to merger as allied offenses. The trial court was "less convinced" that there was a separate animus for the tampering with evidence conviction. The trial court then scheduled a re-sentencing hearing for February 5, 2014.

{¶4} The trial court held a resentencing hearing on March 26, 2014. At the hearing, the court gave each party the chance to argue for allied offenses. The trial court reiterated that the offenses were not allied finding that each act had a separate animus. However, the trial court then altered its previously imposed sentence, running each prison term concurrently rather than consecutively. The state objected, arguing that the remand was for the limited purpose of determining whether any of the offenses were allied. Because the trial court had found none of the offenses to be allied, it could not alter its previously valid sentencing entry.

*Assignment of Error*

**{¶5}** It is from the trial court's March 26, 2014 Re-Sentencing entry that the state has appealed, raising the following assignment of error,

**{¶6}** "I. THE TRIAL COURT ERRED WHEN IT RESENTENCED ALLANDO GROSE AFTER IT HAD DETERMINED THAT THE COUNTS WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT."

*Analysis*

**{¶7}** The state argues that we remanded this case for the limited purpose of holding an allied-offense hearing. The trial court held that hearing made that determination and found none of the offenses to be allied. Therefore, the state contends the original sentencing entry remained valid and therefore, the trial court erred when it altered its previously valid sentence and resentenced Grose. We agree.

**{¶8}** The scope of the sentencing hearing the trial court must conduct after remand for an allied offenses sentencing error was addressed by the Supreme Court,

> In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review. *Whitfield*, 124 Ohio St.3d 319, 2010–Ohio–2, 922 N.E.2d 182, at ¶ 26–27. Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. [*State v.*] *Saxon*, [109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824] at paragraph three of the syllabus.

{¶9}    *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. The Court in *Wilson* further held,

> [O]nce the cause is remanded and the offenses to be merged are selected by the state, the trial court is required to hold a new sentencing hearing and impose sentences for the remaining offenses. Res judicata does not preclude a defendant from objecting to issues that arise at the new sentencing hearing.

*Wilson,* ¶ 34.

{¶10} In the case at bar, we did not find an allied offense sentencing error, vacate Grose's sentences and remand the case for the trial court to conduct a de novo sentencing hearing. *See, State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶14. Rather we remanded the matter to the trial court for the limited purpose of establishing the facts underlying the charges. *State v. Biondo,* 11th Dist., Portage No. 2012-P-0043, 2013-Ohio-876, ¶12.  Once the facts were established, the trial court was to analyze Gorse's conduct under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 and rule whether the crimes at issue should be merged for sentencing. Once the trial court determined that the offenses were not allied offenses a de novo resentencing hearing was not warranted. *State v. Bolton,* 8th Dist. Cuyahoga No. 99137, 2013-Ohio-2467, ¶¶6-7. The trial court's original sentencing entry filed October 8, 2012 found the offenses were not allied offenses and were therefore not merged. Therefore, there was no allied offenses' sentencing error to correct.

{¶11}  The state's sole assignment of error is sustained. Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, give an appellate court the power to

affirm, reverse, or modify the judgment of an inferior court. Accordingly, the March 26, 2014 Re-Sentencing entry is vacated and the trial court's original sentencing entry filed October 8, 2012 is reinstated.

{¶12} The judgment of the Richland County Court of Common Pleas is reversed. Pursuant to Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, the March 26, 2014 Re-Sentencing entry is vacated and the trial court's original sentencing entry filed October 8, 2012 is reinstated.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur