[Cite as *State v. Ross*, 2015-Ohio-3399.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

      Appellee

v.

MICHAEL ROSS

      Appellant

C.A. Nos.      14CA010601
                     14CA010602

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.     05CR069222
                     06CR072432

DECISION AND JOURNAL ENTRY

Dated: August 24, 2015

---

HENSAL, Presiding Judge.

{¶1} Michael Ross appeals his sentences for money laundering, bribery, unlawful interest in a public contract, and filing an incomplete, false, or fraudulent tax return. For the following reasons, this Court reverses.

I.

{¶2} In 2009, a jury found Mr. Ross, a former commissioner of Lorain County, guilty of two counts of engaging in a pattern of corrupt activity, two counts of conspiracy to engage in a pattern of corrupt activity, four counts of money laundering, three counts of bribery, seven counts of unlawful interest in a public contract, and one count of filing an incomplete, false, or fraudulent tax return. The trial court sentenced him to a total of nine and a half years imprisonment. This Court upheld the jury's verdict on appeal, but reversed Mr. Ross's sentence. *State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 74. We concluded that the

court must reduce the offense level of his conspiracy and engaging in a pattern of corrupt activity convictions because the jury had not found the facts required to enhance them. *Id*. at ¶ 66. We also noted that the trial court had not analyzed whether any of his offenses were allied under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. *Id*. at ¶ 69.

{¶3} On remand, the trial court reduced the offense level of Mr. Ross's conspiracy and engaging in a pattern of corrupt activity convictions. It also determined that those offenses were allied under *Johnson*. The court found that none of the other offenses were allied. It sentenced Mr. Ross to a total of nine years imprisonment. Mr. Ross has appealed, arguing that the court unlawfully altered some of his original sentences.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL [COURT] ERRED IN RESENTENCING MR. ROSS ON CHARGES WHICH WERE NOT CHALLENGED ON APPEAL.

{¶4} Mr. Ross argues that the trial court incorrectly altered some of his sentences on remand. He notes that the court originally sentenced him to five years for engaging in a pattern of corrupt activities, two years for one of the conspiracy counts, and one year for the other conspiracy count. It ordered those sentences to run consecutive to each other for a total of eight years imprisonment. It also sentenced him to one year for each of his money laundering, bribery, and unlawful interest in a public contract offenses. It ordered those sentences to run concurrent to each other but consecutive to the pattern of corruption and conspiracy counts, which increased his overall sentence to nine years. Finally, it sentenced him to six months on the fraudulent tax return count, which it ordered to run consecutive to the other offenses, for a total prison term of nine and a half years.

{¶5}    On remand, the court concluded that the engaging in a pattern of corrupt activities and conspiracy counts were allied, so it merged them for sentencing purposes. The State elected to proceed on the first pattern of corruption count, and the trial court sentenced Mr. Ross to five years imprisonment for it. Although the court determined that none of the remaining offenses were allied, it did not reissue its prior sentences for those offenses. Instead, although it again sentenced Mr. Ross to one year for each of the money laundering, bribery, and unlawful interest offenses, it ran some of them consecutive to his other sentences. In particular, while it ordered Mr. Ross to serve his sentences for money laundering concurrent to each other, it ordered him to serve them consecutive to his other offenses. It also ordered him to serve each of his one-year sentences for bribery consecutive to his other sentences. Finally, while it ordered him to serve his unlawful interest in a public contract and his fraudulent tax return sentences concurrent to each other and the other offenses, it increased his fraudulent tax return sentence from six months to one year.

{¶6}    Mr. Ross argues that, even though this Court reversed his initial sentences and remanded the case for resentencing, the trial court was required to impose the same sentence as it had at his first sentencing hearing. We agree that, because the trial court determined that Mr. Ross's money laundering, bribery, unlawful interest, and fraudulent tax return offenses were not allied, it did not have the authority to conduct a de novo resentencing on those offenses.

{¶7}    In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, the Ohio Supreme Court recognized that "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing." *Id*. at ¶ 15. It explained, however, that there may be a number of limitations that "apply to narrow the scope of a particular resentencing hearing." *Id*. With

respect to allied offenses, it explained that only offenses that are affected by an allied offense error are subject to de novo resentencing. *Id*.

{¶8} In Mr. Ross's previous appeal, this Court did not find an allied offenses error. We simply noted that the trial court had not had "the opportunity to consider *Johnson*[,]" so we remanded "the matter to the trial court for it to apply *Johnson* in the first instance." *Ross*, 2012-Ohio-536, at ¶ 69. On remand, the trial court determined that Mr. Ross's money laundering, bribery, unlawful interest, and fraudulent tax return offenses were not allied. Accordingly, there was no allied offense sentencing error for it to correct on those sentences. *State v. Grose*, 5th Dist. Richland No. 14CA30, 2014-Ohio-4499, ¶ 10. As the Supreme Court explained in *Wilson*, "the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *Wilson* at ¶ 15, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus.

{¶9} Upon review of the record, we conclude that the trial court erred when it resentenced Mr. Ross de novo for his money laundering, bribery, unlawful interest in a public contract, and filing an incomplete, false, or fraudulent tax return offenses. Mr. Ross's assignment of error is sustained. His sentences for those offenses are vacated, and this matter is remanded so that the trial court can re-impose its original sentences for them.

III.

{¶10} Mr. Ross's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for resentencing in accordance with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ANTHONY BAKER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.