[Cite as *State v. Wilson*, 2017-Ohio-8152.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| STATE OF OHIO | C.A. No. 28187 |

Appellee

v.

TRAMELL RAYSHAWN WILSON

Appellant

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2012 02 0332

DECISION AND JOURNAL ENTRY

Dated: October 11, 2017

HENSAL, Judge.

{¶1}   Trammell Wilson appeals his sentence for multiple offenses in the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}   The substantive facts and procedural history of this case were set forth by this Court in *State v. Wilson*, 9th Dist. Summit No. 27361, 2015-Ohio-2023, (*Wilson II*) as follows:

In June 2011, Wilson instigated a confrontation with two men outside of a nightclub in Akron.  During the course of the confrontation, Wilson pulled out a gun, shot at one of the men, and actually shot the second man multiple times.  A grand jury indicted Wilson on two counts of felonious assault and one count of having a weapon while under disability.  Each felonious assault count also contained a repeat violent offender specification, pursuant to R.C. 2941.149, and a firearm specification, pursuant to R.C. 2941.145.  A jury found Wilson guilty on both of his felonious assault counts, the firearm specifications linked to those counts, and his weapon under disability count.  Thereafter, Wilson stipulated that he had a prior felonious assault conviction and, due to his prior conviction, qualified as a repeat violent offender.

The court merged Wilson's repeat violent offender specifications for purposes of sentencing, but sentenced him on all of his remaining counts.  Specifically, the

court sentenced Wilson to (1) three years on his repeat violent offender specification; (2) six years on each of his felonious assault counts; (3) three years on each of his firearm specifications; and (4) 36 months on his weapon under disability count. The court ordered each of Wilson's prison terms to run consecutively with the exception of the weapon under disability count. Thus, the court sentenced Wilson to a total of 21 years in prison.

On appeal from his convictions, Wilson argued that the trial court erred by failing to merge his convictions for felonious assault and having a weapon under disability. Because there was no evidence that the trial court had analyzed the merger issue under *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, we determined that the trial court had to apply *Johnson* in the first instance. Consequently, we remanded the matter to the trial court for it to apply *Johnson* and to determine whether the felonious assault and having weapons under disability offenses should merge.

On remand, the trial court conducted a new sentencing hearing and ultimately concluded that Wilson's counts for felonious assault and having a weapon under disability should not merge. In keeping with its original decision, the court once again merged Wilson's repeat violent offender specifications and sentenced him to a total of 21 years in prison. Nevertheless, the court changed the individual prison terms that it had originally ordered Wilson to serve. The court sentenced Wilson to (1) ten years on his repeat violent offender specification; (2) eight years on each of his felonious assault counts; (3) three years on each of his firearm specifications; and (4) 36 months on his weapon under disability count. The court then ordered the ten-year repeat violent offender specification, one of the eight-year felonious assault counts, and one of the three-year firearm specifications to be served consecutively to reach the 21–year total. The court ordered the remaining counts to run concurrently.

*Id*. at ¶ 2-5. (Internal quotations and citations omitted.)

{¶3} Mr. Wilson appealed the trial court's second sentencing entry, arguing in part that the court erred by increasing the length of his prison term on his repeat violent offender specifications and his felonious assault counts. In *Wilson II*, this Court concluded that the trial court had exceeded the scope of the remand and lacked the authority to conduct a de novo sentencing hearing and to increase Mr. Wilson's sentence on his repeat violent offender specifications. *Id.* at ¶ 13. It determined, however, that since Mr. Wilson's sentences for felonious assault were reversed on appeal in *State v. Wilson*, 9th Dist. Summit No. 26683, 2014-

Ohio-376 (*Wilson I*), those sentences were properly before the trial court and the trial court had the authority to resentence him on those counts. *Id.* at ¶ 15. Accordingly, this Court remanded the matter to the trial court for further proceedings consistent with *Wilson II*.

{¶4} On remand, the trial court held a third sentencing hearing and re-imposed Mr. Wilson's original sentence in a subsequent journal entry. Specifically, the trial court again merged Mr. Wilson's repeat violent offender specifications for purposes of sentencing, and then sentenced Wilson to: (1) three years on the merged repeat violent offender specification; (2) six years on each of the felonious assault counts; (3) three years on each of the firearm specifications; and (4) 36 months on the weapon under disability count. The trial court ordered each of the prison sentences to run consecutively with the exception of the weapon under disability count, which was to run concurrently. In total, the trial court sentenced Mr. Wilson to 21 years. Mr. Wilson has appealed, assigning as error that the trial court failed to comply with this Court's remand instructions in *Wilson II*.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND FAILED TO ABIDE BY THIS COURT'S REMAND AND WENT BEYOND ITS AUTHORITY WHEN IT MODIFIED [MR. WILSON'S] SENTENCE RELATIVE TO THE REPEAT VIOLENT OFFENDER SPECIFICATION.

{¶5} Mr. Wilson argues that the trial court incorrectly conducted a de novo sentencing hearing on remand from *Wilson II*. Specifically, he argues that only the sentence for the repeat violent offender specification was subject to review on remand since it was the only offense affected by the appealed error in *Wilson II*. In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if

it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶6} In general, although a remand for a new sentencing hearing anticipates a de novo hearing, "only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus; R.C. 2929.19(A). Additionally, "the law of the case doctrine 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Neiswinter v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. Summit No. 23648, 2008-Ohio-37, ¶ 10, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). Accordingly, "[a]bsent extraordinary circumstances, * * * an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan* at syllabus. Nonetheless, the doctrine of law of the case "is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Id.* at 3.

{¶7} Since *Wilson II*, this Court has updated its understanding of the scope of a remand for an allied-offense analysis. In *State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536 (*Ross I*), the trial court sentenced Michael Ross to a total of nine and a half years

imprisonment. We noted that the trial court had not had the opportunity to determine whether his offenses were allied under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, so we remanded "the matter to the trial court for it to apply *Johnson* in the first instance." *Id.* at ¶ 69. On remand, the trial court found that only some of the offenses were allied. Nevertheless, it altered the sentences for the other offenses as well. *State v. Ross*, 9th Dist. Lorain Nos. 14CA010601, 14CA010602, 2015-Ohio-3399, ¶ 5 (*Ross II*). In *Ross II*, we held that the trial court erred when it modified the sentences for the offenses that were not allied, explaining that the trial court "did not have the authority to conduct a de novo resentencing on those offenses." *Id.* at ¶ 6. Specifically, "there was no allied offense sentencing error for it to correct on those sentences." *Id.* at ¶ 8. We concluded that this result was consistent with the Ohio Supreme Court's decision in *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, and we, therefore, remanded the matter for the trial court to re-impose its original sentence for the offenses that were not allied. *Id.* at ¶ 9.

{¶8} This Court has repeatedly followed *Ross II*. In *State v. Powell*, 9th Dist. Summit No. 27830, 2016-Ohio-2820, this Court noted that it had previously remanded the case for the trial court to make an initial determination whether Mr. Powell's offenses were allied. *Id.* at ¶ 19. On remand, the trial court determined that the offenses were not allied, so it re-imposed Mr. Powell's original sentence. *Id.* On appeal following the re-imposition of his original sentence, Mr. Powell argued that he should have been entitled to a de novo resentencing. This Court rejected his argument, explaining that, "when a trial court determines on remand that offenses are not allied, it does not have authority to conduct a de novo resentencing on those offenses." *Id.* at ¶ 20, citing *Ross II* at ¶ 6. We also followed *Ross II* in *State v. Copeland*, 9th Dist. Summit No. 27905, 2016-Ohio-1613, in which we affirmed that, when a case is "simply remanded * * * so

that the trial court c[an] engage in a merger analysis in the first instance[,]" "the lack of an allied offenses error preclude[s] the trial court from disturbing the length of [the defendant's] sentences or the imposition of consecutive sentences[.]" *Id.* at ¶ 13; *see also State v. McIntyre*, 9th Dist. Summit No. 27670, 2016-Ohio-93, ¶ 12 ("Nor did the trial court have authority [on remand] to alter the sentence on [count five], absent a conclusion that it was an allied offense that merged for purposes of sentencing.").

{¶9} In *Wilson I*, this Court, similar to *Ross I*, remanded "the matter * * * for the trial court to apply *State v. Johnson* in the first instance." *Wilson I*, 9th Dist. Summit No. 26683, 2014-Ohio-376, at ¶ 61. On remand, the trial court determined that none of Mr. Wilson's offenses were allied. Mr. Wilson, therefore, "was not entitled to a de novo resentencing hearing[.]" *Powell* at ¶ 21. In *Wilson II*, we should have directed the trial court to do exactly what it did do in its third sentencing entry, which was to re-impose Mr. Wilson's original sentence. *Ross II* at ¶ 9. After careful review, we conclude that extraordinary circumstances exist and that the doctrine of law of the case should not be applied to the trial court's judgment on remand from *Wilson II*.

{¶10} At the third sentencing hearing, the trial court reasoned that "[t]o now say that the Court must either impose a higher sentence or a lower sentence, based upon what was essentially a harmless failure to consider the merger issue back in 2012, is illogical." Instead, it decided that "at this point I am going to go back and do what the Court of Appeals said was my authority upon the first remand, and that was to consider whether the * * * counts should merge. I did that. I determined that they should not merge and therefore just leave the sentence where it was in 2012." The trial court's assessment is consistent with this Court's holdings in *Ross II*, *Powell*, *Copeland*, and *McIntyre*. Accordingly, we conclude that Mr. Wilson has not demonstrated by

clear and convincing evidence that the trial court acted contrary to law when it re-imposed his original sentence. Mr. Wilson's assignment of error is overruled.

III.

{¶11} Mr. Wilson's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

SCHAFER, J.
DISSENTING.

{¶12} As the majority in *Wilson II* determined that the trial court lacked authority to resentence Wilson on all of his offenses and erred by increasing Wilson's sentence on his repeat violent offender specification, the only action the trial court was authorized to take on remand from *Wilson II* was to reinstate the three year prison sentence on Wilson's repeat violent offender specification. The Supreme Court of Ohio has stated that the doctrine of the law of the case "is necessary to ensure the consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts." (Internal citation omitted.) *Nolan v. Nolan*, 11 Ohio St.3d 1, *3 (1984).

{¶13} Although I am troubled by the potential consequences, I do not believe the circumstances of this case are so extraordinary that this Court should ignore the law of this case or the principles of finality and judicial economy. First, it is axiomatic that on remand, "the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15. Second, the reduction of a sentence based upon a trial court error is not an inherently unjust result nor is it untenable in this case. Third, the Supreme Court of Ohio did not issue an intervening decision. Fourth, while this Court acknowledges that three months after our decision in *Wilson II*, this Court limited the scope of the remand for an allied offense analysis, *see State v. Ross*, 9th Dist. Lorain Nos. 14CA010601, 14CA010602, 2015-Ohio-3399, ¶ 6, the allied offenses issue was not an issue on appeal in *Wilson II* and was, therefore, not within the scope of the remand. Moreover, even if the allied offenses issue was within the scope of the remand, the law of the

case doctrine would still have precluded the trial court from applying the holding in *Ross* because "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan* at 3. Finally, this Court's subsequent change of course as to the scope of the remand for an allied offenses error in *Ross* is not such an uncommon or extraordinary circumstance that it demands this Court disregard the law of this case. Indeed, such a determination would set a disturbing precedent and undermine the finality of countless cases.

{¶14} Therefore, I would conclude that the trial court acted contrary to law when it re-imposed Wilson's original sentence. Moreover, had the majority found that the trial court had acted contrary to law, it would have had the authority to "increase, reduce, or otherwise modify" Wilson's sentence without the need to remand the matter to the trial court. *See* R.C. 2953.08(G)(2). Such an action would have satisfied the principle of judicial economy.

{¶15} For the reasons stated above, I respectfully dissent.


<u>APPEARANCES</u>:

LAWRENCE J. WHITNEY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.