[Cite as *State v. Ross*, 2019-Ohio-323.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL ROSS

    Appellant

C.A. No.     18CA011284

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    05CR069222

DECISION AND JOURNAL ENTRY

Dated: February 4, 2019

TEODOSIO, Presiding Judge.

{¶1} Defendant-Appellant, Michael Ross, appeals a judgment of the Lorain County Court of Common Pleas that denied his motion to vacate and terminate void post-release control, restitution, fines and costs. This Court affirms.

I.

{¶2} In 2009, after a jury found Mr. Ross guilty of multiple offenses, the trial court sentenced him to a total of nine and a half years in prison. The court also imposed five years of post-release control and ordered Mr. Ross to pay $377,000 in restitution. On appeal, this Court upheld the jury's verdict but reversed Mr. Ross's sentence because the trial court had incorrectly increased the level of some of the offenses and had not analyzed whether any of the offenses were allied. *State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 74. On remand, the trial court corrected the offense level of the relevant counts, merged others that it found were allied, and resentenced Mr. Ross to a total of nine years imprisonment. On appeal, this Court

reversed again because the trial court had improperly changed Mr. Ross's sentence for offenses that were not challenged in his first appeal and that the trial court had determined were not allied. *State v. Ross*, 9th Dist. Lorain Nos. 14CA010601 and 14CA010602, 2015-Ohio-3399, ¶ 9.

{¶3}    On remand, the trial court entered an order that purported to sentence Mr. Ross to six months on two offenses that it had previously determined were allied.   It subsequently entered an order explaining that, because Mr. Ross's new aggregate sentence was 6 years, he would be released on November 18, 2015.  Mr. Ross attempted to appeal the trial court's orders, but this Court dismissed his appeal because the orders did not comply with the requirements for a judgment of conviction under Crim.R. 32(C).  Meanwhile, Mr. Ross was released from prison on November 18, 2015.  In September 2016, the trial court issued a judgment entry that listed Mr. Ross's sentence for each count number and sentenced him to a total of six years.  The judgment entry also imposed five years of post-release control and ordered Mr. Ross to pay $377,000 in restitution.   Mr. Ross attempted to appeal, but this Court dismissed the appeal because it concluded that the judgment entry did not satisfy the requirements of Crim.R. 32(C). Specifically, the judgment entry did not include the fact of the conviction with respect to each count.  On remand, the trial court entered a judgment entry in February 2017 that was similar to the one it had previously entered, but this time it named the offense related to each count in addition to the sentence imposed for each count.  It also explained again that Mr. Ross's total sentence was six years, that he was subject to five years of post-release control, and that he had to pay $377,000 in restitution.

{¶4}    Mr. Ross attempted to appeal the trial court's February 2017 judgment entry, but this Court dismissed his appeal because the judgment entry still did not state the fact of the conviction for each count.   Back in the trial court, Mr. Ross moved to vacate and terminate his

post-release control, arguing that the court had incorrectly imposed a five-year term instead of three. He also argued that, since he had already been released from prison, it was too late for the trial court to correct the mistake. He further argued that the court should vacate its restitution order and hold a hearing on the amount of restitution, fines, and costs he must pay. The trial court subsequently entered a judgment entry that amended its February 2017 judgment entry nunc pro tunc to correct the length of Mr. Ross's post-release control. Mr. Ross did not appeal the court's entry. In February 2018, the trial court denied Mr. Ross's motion to vacate and terminate his post-release control, restitution, fines and costs. Mr. Ross has appealed the denial of his motion, assigning two errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN SENTENCING MR. ROSS TO A POST RELEASE TERM OF 5 YEARS FOR A F-2 CONVICTION

{¶5}    In his first assignment of error, Mr. Ross argues that the trial court's attempt to impose post-release control on him is void because it failed to advise him of the consequences of violating post-release control. He also argues that it is too late for the court to correct the error because he has already been released from prison. Upon review of the record, however, we conclude that this issue is moot.

{¶6}    A case is moot if it involves "no actual genuine controversy which can definitely affect the parties' existing legal relationship." *Harris v. City of Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 7. "'A moot case is one which seeks to get a judgment * * * upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'" *Id*., quoting *Culver v. City of Warren*, 84 Ohio App. 373, 393 (7th Dist.1948). Regarding criminal cases, the Ohio Supreme Court has held that, "[w]here a

defendant, convicted of a criminal offense, has * * * completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus.

{¶7} The most serious offense that Mr. Ross committed was a felony of the second degree. It was not a sex offense. The term of post-release control for a felony of the second degree that is not a sex offense is three years. R.C. 2967.28(B)(2). Mr. Ross was released from prison on November 18, 2015, meaning that his term of post-release control expired on November 18, 2018. The parties have not indicated that there are any proceedings currently pending against Mr. Ross for an alleged violation of the terms and conditions of post-release control. Mr. Ross also has not alleged that he will experience any collateral consequences of having been subject to post-release control. Accordingly, the issue of whether the trial court correctly imposed post-release control is moot. Mr. Ross's first assignment of error is overruled on that basis.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ORDERING RESTITUTION WITHOUT HOLDING A HEARING TO DETERMINE THE AMOUNT OF THE LOSS.

{¶8} In his second assignment of error, Mr. Ross argues that the trial court should have held a hearing before entering a restitution order. We conclude, however, that this issue is premature because the trial court has not entered a final judgment of conviction that complies with Crim.R. 32(C).

{¶9} In its original journal entry of conviction and sentence, the trial court ordered Mr. Ross to pay $377,000 in restitution. Although this Court upheld the jury's verdicts on appeal, we reversed his sentence. *Ross*, 2012-Ohio-536, at ¶ 74. An order of restitution is "indisputably

part of the sentence." *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, ¶ 8; R.C. 2929.18(A)(1). In 2014, the trial court entered a new judgment entry of conviction and sentence that again ordered Mr. Ross to pay $377,000 in restitution. This Court, however, reversed that judgment entry as well. *Ross*, 2015-Ohio-3399, at ¶ 10.

{¶10} Since this Court's 2015 decision, the trial court has not entered a valid judgment of conviction under Crim.R. 32(C). According to the Ohio Supreme Court, a judgment of conviction must set forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. This Court has already determined that the trial court's September 2016 judgment entry did not meet the requirements of Crim.R. 32(C) because it did not set forth the fact of the convictions. It has also determined that the court's February 2017, nunc pro tunc order did not correct the deficiency. In November 2017, the trial court issued another nunc pro tunc order, but it only changed the length of Mr. Ross's post-release control from five years to three years. It did not attempt to add the fact of Mr. Ross's convictions to its September 2016 judgment entry.

{¶11} In his motion to vacate and terminate void post-release control, restitution, fines and costs Mr. Ross asked the trial court to vacate its restitution order. The trial court could not grant that relief, however, because it has not yet entered a valid judgment of conviction under Crim.R. 32(C). Accordingly, because his argument is premature, Mr. Ross's second assignment of error is overruled.

III.

{¶12} Mr. Ross's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶13} While I agree with the majority's conclusion that Ross's first assignment of error is moot, I write separately in regard to the second assignment of error.

{¶14} As noted by the majority, the trial court ordered Ross to pay $377,000 in restitution in its initial sentencing entry. Though Ross raised numerous issues in his direct appeal, including that he was sentenced to allied offenses, he did not challenge the trial court's restitution procedure. *See State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536. The trial court conducted an allied offenses analysis on remand and again sentenced Ross to a total of nine years imprisonment. On appeal, this Court determined that the trial court erred when it altered Ross's sentences for offenses that it had determined were not allied offenses of similar import and that had not previously been challenged in Ross's first appeal. *State v. Ross*, 9th Dist. Lorain Nos. 14CA010601, 14CA010602, 2015-Ohio-3399, ¶ 8-9. Notably, Ross did not specifically challenge the trial court's restitution order in that appeal.

{¶15} Ross now attempts to challenge the trial court's order denying his motion to vacate the restitution order. I would hold that because Ross had the opportunity to raise the restitution issue in a prior proceeding and he failed to do so, he is now barred from raising that issue under the doctrine of res judicata. *See State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7.

APPEARANCES:

MICHAEL ROSS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.