[Cite as *State v. Ross*, 2019-Ohio-5293.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL ROSS

    Appellant

C.A. No.    18CA011284

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    05CR069222

DECISION AND JOURNAL ENTRY

Dated: December 23, 2019

TEODOSIO, Presiding Judge.

{¶1}    Defendant-Appellant, Michael Ross, appeals a judgment of the Lorain County Court of Common Pleas that denied his motion to vacate and terminate void post-release control, restitution, fines and costs.  This Court affirms in part and reverses in part.

I.

{¶2}    In 2009, after a jury found Mr. Ross guilty of multiple offenses, the trial court sentenced him to a total of nine and a half years in prison.  The court also imposed five years of post-release control and ordered Mr. Ross to pay $377,000 in restitution.  On appeal, this Court upheld the jury's verdict but reversed Mr. Ross's sentence because the trial court had incorrectly increased the level of some of the offenses and had not analyzed whether any of the offenses were allied.  *State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 74.  On remand, the trial court corrected the offense level of the relevant counts, merged others that it found were allied, and resentenced Mr. Ross to a total of nine years imprisonment.  On appeal, this Court

reversed again because the trial court had improperly changed Mr. Ross's sentence for offenses that were not challenged in his first appeal and that the trial court had determined were not allied. *State v. Ross*, 9th Dist. Lorain Nos. 14CA010601 and 14CA010602, 2015-Ohio-3399, ¶ 9.

{¶3} On remand, the trial court entered an order that purported to sentence Mr. Ross to six months on two offenses that it had previously determined were allied. It subsequently entered an order explaining that, because Mr. Ross's new aggregate sentence was 6 years, he would be released on November 18, 2015. Mr. Ross attempted to appeal the trial court's orders, but this Court dismissed his appeal because the orders did not comply with the requirements for a judgment of conviction under Crim.R. 32(C). Meanwhile, Mr. Ross was released from prison on November 18, 2015. In September 2016, the trial court issued a judgment entry that listed Mr. Ross's sentence for each count number and sentenced him to a total of six years. The judgment entry also imposed five years of post-release control and ordered Mr. Ross to pay $377,000 in restitution. Mr. Ross attempted to appeal, but this Court dismissed the appeal because it concluded that the judgment entry did not satisfy the requirements of Crim.R. 32(C). Specifically, the judgment entry did not include the fact of the conviction with respect to each count. On remand, the trial court entered a judgment entry in February 2017 that was similar to the one it had previously entered, but this time it named the offense related to each count in addition to the sentence imposed for each count. It also explained again that Mr. Ross's total sentence was six years, that he was subject to five years of post-release control, and that he had to pay $377,000 in restitution.

{¶4} Mr. Ross attempted to appeal the trial court's February 2017 judgment entry, but this Court dismissed his appeal because the judgment entry still did not state the fact of the conviction for each count. Back in the trial court, Mr. Ross moved to vacate and terminate his

post-release control, arguing that the court had incorrectly imposed a five-year term instead of three. He also argued that, since he had already been released from prison, it was too late for the trial court to correct the mistake. He further argued that the court should vacate its restitution order and hold a hearing on the amount of restitution, fines, and costs he must pay. The trial court subsequently entered a judgment entry that amended its February 2017 judgment entry nunc pro tunc to correct the length of Mr. Ross's post-release control. Mr. Ross did not appeal the court's entry. In February 2018, the trial court denied Mr. Ross's motion to vacate and terminate his post-release control, restitution, fines and costs. Mr. Ross has appealed the denial of his motion, assigning two errors.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN SENTENCING MR. ROSS TO A POST RELEASE TERM OF 5 YEARS FOR A F-2 CONVICTION

{¶5} In his first assignment of error, Mr. Ross argues that the trial court's attempt to impose post-release control on him is void because it imposed the incorrect amount of years and failed to advise him of the consequences of violating post-release control. He also argues that it is too late for the court to correct the errors because he has already been released from prison.

{¶6} The most serious offense that Mr. Ross committed was a felony of the second degree. It was not a sex offense. The term of post-release control for a felony of the second degree that is not a sex offense is three years. R.C. 2967.28(B)(2). Mr. Ross was released from prison on November 18, 2015, meaning that his term of post-release control expired on November 18, 2018. We conclude that this issue is not moot, however, because Mr. Ross received an unfavorable discharge from post-release control, which could affect his sentence for a future offense. R.C. 2929.12(D)(1).

{¶7} "[A] trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. The court also "must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." *Id*. at ¶ 19.

{¶8} The State notes that, at Mr. Ross's first re-sentencing hearing, the trial court correctly advised Mr. Ross that he would be subject to three years of post-release control. It argues that the sentencing entry that the trial court issued following that hearing correctly informed Mr. Ross about the consequences of violating post-release control. On appeal, however, this Court reversed that sentencing entry. *Ross*, 2015-Ohio-3399, at ¶ 10. None of the sentencing entries that the trial court has issued since the reversal has contained any information regarding the consequences of violating post-release control. Because Mr. Ross has been released from prison, a nunc pro tunc entry cannot be used to remedy the defect. *State v. Smith*, 9th Dist. Lorain No. 15CA010778, 2016-Ohio-4688, ¶ 11, citing *Qualls* at ¶ 24. We, therefore, conclude that the trial court incorrectly denied Mr. Ross's moved to vacate and terminate void post-release control. Mr. Ross's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ORDERING RESTITUTION WITHOUT HOLDING A HEARING TO DETERMINE THE AMOUNT OF THE LOSS.

{¶9} In his second assignment of error, Mr. Ross argues that the trial court should have held a hearing before entering a restitution order. We conclude, however, that this issue is premature because the trial court has not entered a final judgment of conviction that complies with Crim.R. 32(C).

{¶10} In its original journal entry of conviction and sentence, the trial court ordered Mr. Ross to pay $377,000 in restitution. Although this Court upheld the jury's verdicts on appeal, we reversed his sentence. *Ross*, 2012-Ohio-536, at ¶ 74. An order of restitution is "indisputably part of the sentence." *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, ¶ 8; R.C. 2929.18(A)(1). In 2014, the trial court entered a new judgment entry of conviction and sentence that again ordered Mr. Ross to pay $377,000 in restitution. This Court, however, reversed that judgment entry as well. *Ross*, 2015-Ohio-3399, at ¶ 10.

{¶11} Since this Court's 2015 decision, the trial court has not entered a valid judgment of conviction under Crim.R. 32(C). According to the Ohio Supreme Court, a judgment of conviction must set forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. This Court has already determined that the trial court's September 2016 judgment entry did not meet the requirements of Crim.R. 32(C) because it did not set forth the fact of the convictions. It has also determined that the court's February 2017, nunc pro tunc order did not correct the deficiency. In November 2017, the trial court issued another nunc pro tunc order, but it only changed the length of Mr. Ross's post-release control from five years to three years. It did not attempt to add the fact of Mr. Ross's convictions to its September 2016 judgment entry.

{¶12} In his motion to vacate and terminate void post-release control, restitution, fines and costs Mr. Ross asked the trial court to vacate its restitution order. The trial court could not grant that relief, however, because it has not yet entered a valid judgment of conviction under Crim.R. 32(C). Accordingly, because his argument is premature, Mr. Ross's second assignment of error is overruled.

## III.

{¶13}  Mr. Ross's first assignment of error is sustained.  His second assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶14} I concur in judgment only as I am compelled to follow the Supreme Court of Ohio's precedent regarding post-release control errors. Here, the trial court notified Ross that he would be subject to a five-year term of post-release control when, in reality, he was actually subject to a shorter term under the law. Ross did not suffer prejudice under these circumstances, quite the opposite, he received a shorter period of post-release control than expected. The majority reached the mandated result in this case under Ohio precedent. *See State v. Smith*, 9th Dist. Medina No. 11CA0115-M, 2012-Ohio-2558, ¶ 14, quoting *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 23. I am, however, greatly troubled by the fact that Ross was effectively able to realize a benefit and evade post-release control due to the long and unfortunate procedural history in this matter and Ohio's case law.

APPEARANCES:

MICHAEL ROSS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecvuting Attorney, for Appellee.