[Cite as *State v. Luck*, 2025-Ohio-3261.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. Nos. | 31351 |
|---|---|---|---|
| | | | 31352 |
| Appellee | | | |
| | | | |
| v. | | | |
| | | APPEAL FROM JUDGMENT | |
| KEITH & LISA LUCK | | ENTERED IN THE | |
| | | BARBERTON MUNICIPAL COURT | |
| Appellant | | COUNTY OF SUMMIT, OHIO | |
| | | CASE Nos. 23 CRB 02489 | |
| | | 23 CRB 02491 | |

DECISION AND JOURNAL ENTRY

Dated: September 10, 2025

_____

HENSAL, Judge.

{¶1}    Keith and Lisa Luck appeal their convictions from the Barberton Municipal Court. For the following reasons, this Court affirms.

I.

{¶2}    The Lucks own property in Barberton where they stored tree logs and piles of mulch. Because the property is zoned agricultural, the city cited them for failing to comply with the development code. The municipal court found the Lucks guilty of the offense and ordered them each to pay a $100 fine. The Lucks have appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE LOCAL ZONING STATUTE APPLICABLE IN THIS CASE, SECTION 1130 OF THE BARBERTON DEVELOPMENT CODE, IS OVERLY BROAD AND VOID FOR VAGUENESS, FAILS TO ADEQUATELY DEFINE WHAT

CONSTITUTES CRIMINAL MISCONDUCT, AND CANNOT BE USED FOR CRIMINAL PROSECUTIONS.

## ASSIGNMENT OF ERROR II

THE PROSECUTOR ENGAGED IN MISCONDUCT BY ATTEMPTING TO TESTIFY REGARDING THE CITY OF BARBERTON'S WEBSITE AND A DISCLAIMER ON THE WEBSITE, WHICH WAS NOT IN EVIDENCE, CAUSING AN UNFAIR PROCEEDING.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT FAILED TO APPLY THE CORRECT LAW TO THE FACTS IN THIS CASE FAIRLY, AND THE CONVICTIONS ARE NOT SUPPORTED BY THE LAW OR EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶3} In their first assignment of error, the Lucks argue that they could not be prosecuted under Section 1130 of the City's Development Code because it is overbroad and too vague. In their second assignment of error, the Lucks argue that the prosecutor committed misconduct at trial. In their third assignment of error, the Lucks argue that their convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. Before we may consider the merits of their arguments, however, we must address whether their arguments are moot. *See Cleveland Heights v. Lewis*, 2011-Ohio-2673, ¶ 18 ("[I]t is reversible error for an appellate court to consider the merits of an appeal that has become moot after the defendant has voluntarily satisfied the sentence . . . .").

{¶4} "As a general rule, courts will not resolve issues which are moot." *Boncek v. Stewart*, 2002-Ohio-5778, ¶ 10 (9th Dist.). "A case is moot if it involves 'no actual genuine controversy which can definitely affect the parties' existing legal relationship.'" *State v. Ross*, 2019-Ohio-323, ¶ 6 (9th Dist.), quoting *Harris v. Akron*, 2009-Ohio-3865, ¶ 7 (9th Dist.). In particular,

> "Where a defendant, convicted of a criminal [misdemeanor] offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."

(Alteration in original.) *State v. Carnahan*, 2019-Ohio-3217, ¶ 6 (9th Dist.), quoting *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. Misdemeanants must request a stay pending appeal or otherwise "offer evidence from which this Court could infer that [they] would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction . . . ." *State v. Boone*, 2013-Ohio-2664, ¶ 7 (9th Dist.). The burden of presenting evidence or argument that an appeal is not moot falls on the defendant. *State v. Golston*, 71 Ohio St.3d 224, 226 (1994).

{¶5} In its judgment entry, the municipal court ordered the Lucks to each pay $100.00 plus court costs.[1] According to the Lucks' appellate brief, they paid the fines and removed all the noncompliant items from the vacant lot. The case dockets indicate that the Lucks paid the fines and court costs in full on October 4, 2024.

{¶6} The Lucks voluntarily paid their fines and court costs. Upon review of the record, there is no indication that their minor misdemeanor convictions will subject them to any collateral disability or loss of civil rights. *See State v. Swisher*, 2023-Ohio-3327, ¶ 7 (9th Dist.). We, therefore, conclude that the Lucks' appeals are moot and that their assignments of error must be overruled on that basis.

---

[1] The dockets for the Lucks' cases each contain an entry that provides that the Lucks must not commit any crimes in the next two years. A court speaks only through its journal entries, however, and there were no probation conditions imposed by the trial court through any entry that is in the case records.

4

III.

**{¶7}** The Lucks' assignments of error are overruled as moot. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID MUCKLOW, Attorney at Law, for Appellant.

JENNIFER A. ROBERTS, Attorney at Law, for Appellee.